In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00261-CR
_____

**JOSEPH ANTHONY MEZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 09-06-06327 CR**

**MEMORANDUM OPINION**

Joseph Anthony Meza (Meza) was indicted for the felony offense of "manufacture or possess w/intent to deliver cs[,]" a first degree felony. *See* Tex. Health & Safety Code Ann. § 481.113 (West Supp. 2014). The indictment alleged that Meza "knowingly possess[ed] with intent to deliver a controlled substance listed in Penalty Group 2 of the Texas Controlled Substances Act, namely, 3, 4-methylenedioxy methamphetamine, in an amount of four grams or more but less than 400 grams, by aggregate weight, including adulterants and/or dilutants[.]" The

1

trial court granted the State's motion for the trial court to proceed on the lesser included offense of possession of a controlled substance, a second degree felony. Meza pleaded guilty under a plea agreement to second degree felony possession of a controlled substance. The trial court found the evidence sufficient to find Meza guilty, but the court deferred further proceedings, placed Meza on community supervision for seven years, and assessed a $3,000 fine. Subsequently, the State filed a motion to revoke Meza's unadjudicated community supervision. During the hearing on the State's motion to revoke, Meza pleaded "true" to six of the alleged violations of the terms of his community supervision and "not true" to one of the alleged violations of the terms of his community supervision. Finding that Meza violated the terms of his community supervision as alleged in the motion to revoke, the trial court revoked Meza's community supervision, adjudicated Meza's guilt, and sentenced him to eight years in prison. Meza timely filed a notice of appeal.

Meza's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On August 19, 2015, we granted an extension of time for Meza to file a *pro se* brief. We received no response from Meza. We have independently reviewed the appellate record, and we agree with counsel's conclusion that no

2

arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, we note that in the section of the judgment entitled "Plea to Motion to Adjudicate[,]" the judgment incorrectly recites that Meza pleaded "Untrue[,]" and that in the section of the judgment entitled "Statute for Offense[,]" the judgment incorrectly recites "481.112[.]" This Court has the authority to reform the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We delete the portion of the judgment stating Meza pleaded "Untrue" and substitute that he pleaded "True to allegations 1, 2, 4, 5, 6, and 7 and Not True to allegation 3[.]" We delete the portion of the judgment stating the statute for the offense is "481.112" and substitute "481.116" in its place. Otherwise, we affirm the trial court's judgment as reformed.[1]

AFFIRMED AS REFORMED.

_____
LEANNE JOHNSON
Justice

---

[1] Meza may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on November 19, 2015
Opinion Delivered November 25, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.